United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE GAMA HERNANDEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-784 |
| | § | |
| WARDEN WEBB COUNTY DETENTION CENTER *et al.* | § | |
| | § | |

**ORDER**

Before the Court is Petitioner's Motion to Voluntarily Dismiss Habeas Petition Without Prejudice (Dkt. No. 9). According to Petitioner, he voluntarily departed from the country (Dkt. No. 9 at 1). Finding cause to do so, the Court **LIFTS** the stay (Dkt. No. 6).

Federal Rule of Civil Procedure 41(a)(1) affords petitioners two avenues to dismiss: upon "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." *See also* Fed. R. Civ. P. 81(a)(4); *Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir. 1996) (finding that the previous version of Rule 41(a)(1) was consistent with the habeas rules). On the other hand, Federal Rule of Civil Procedure 41(a)(2) provides for dismissal upon the petitioner's motion "only by court order, on terms that the court considers proper." Unless otherwise provided, these dismissals operate without prejudice. Fed. R. Civ. P. 41(a)(1)(B), (a)(2).

Here, Petitioner cites neither Rule 41(a)(1) or 41(a)(2)—yet could reasonably seek dismissal under either. Given that the path of least resistance is available to Petitioner, the Court construes his filing as a notice under Rule 41(a)(1)(A)(i). *See Wilson v. Hooper*, No. CV 18-301-JWD-EWD, 2019 WL 1931743, at *1 (M.D. La. Apr. 30, 2019) (treating a motion to dismiss as a Rule 41(a)(1)(A)(i) notice of dismissal). Rule 41(a)(1)(A)(i) dismissals are subject to limitations in class action suits, shareholder derivative suits,

and suits where the Court has appointed a receiver. *See* Fed. R. Civ. P. 41(a)(1)(A).

None of those limitations apply. Further, Respondents have neither answered, nor filed a motion for summary judgment. Thus, Petitioner's "self-effectuating" Rule 41(a)(1)(A)(i) notice dismissed his case and automatically divested the Court of its jurisdiction. *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010).

Accordingly, Petitioner's Motion to Voluntarily Dismiss Habeas Petition Without Prejudice (Dkt. No. 9) is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to **TERMINATE** this civil action.

It is so **ORDERED**.

**SIGNED** September 30, 2026.

Marina Garcia Marmolejo
United States District Judge